UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM BORING and | ) | |
| LINDA BORING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 2:06CV00024 AGF |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court[1] on Plaintiffs' motion to remand the case to the state court in which it was filed. For the reasons set forth below, the motion to remand will be granted due to the untimeliness of the filing of the notice of removal.

William and Linda Boring, husband and wife, filed this negligence and loss of consortium action in the Circuit Court of the City of St. Louis, Missouri, on August 8, 2005. Plaintiffs are both Missouri residents and Defendant Walgreen Co. is an Illinois corporation. Plaintiff Linda Boring alleges that she was injured when a box fell from the top shelf of the aisle where she was standing in Defendant's Hannibal, Missouri retail store, striking her head and right shoulder. Linda Boring claims that the dangerous condition of the shelving was caused by Defendant's employees' negligence, and that as a

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

result thereof she suffered "right foraminal herination at C5-6" and a traumatic brain injury, causing neck and shoulder pain, blurred vision, numbness in her face and fingers, forgetfulness, personality changes, aggression, inability to comprehend and perform simple tasks, and physical limitations. Linda Boring alleges that her injuries caused, and continue to cause "physical pain, an impairment of her functional abilities, and a diminution of the quality and enjoyment of her life." Compl. at 4. She further alleges that as a result of her injuries, she incurred and will continue to incur, reasonable and necessary medical expenses. Linda Boring seeks judgment "in excess of" $25,000.

William Boring claims that as a direct and proximate result of Defendant's negligence, and the resulting injuries to his wife, he lost her services and consortium. William Boring further claims that he has incurred sums of money for Linda Boring's medical care and treatment, and will have to continue to do so in the future. William Boring seeks judgment "in an amount that is fair and reasonable" and damages "as permitted by law." Compl. at 5.

On April 19, 2006, Defendant filed a notice of removal, removing the action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Defendant stated that, based on Plaintiffs' supplemental answers to Defendant's first set of interrogatories, the amount in controversy for the claim of each Plaintiff exceeded $75,000, the minimum amount required for diversity jurisdiction. Defendant further stated that the notice of removal was filed no later than 30 days after Defendant's receipt of the supplemental answers that established, for the first

time, that each Plaintiff's claim exceeded $75,000.

On May 19, 2006, Plaintiffs filed the timely motion to remand now under consideration. Plaintiffs contend that they gave notice to Defendant that their claims exceeded the amount in controversy requirement for diversity jurisdiction prior to filing suit, by their demand letter, sent to Defendant's insurer on August 2, 2005, for $349,999.99, which letter was resent to Defendant's counsel on September 23, 2005. Plaintiffs further contend that because Defendant failed to file a notice of removal within 30 days of the filing of the action, as required by 28 U.S.C. § 1446(b), removal was improper. Alternatively, Plaintiffs assert that Defendant cannot show that William Boring's claim meets the jurisdictional minimum for removal to a legal certainty. Plaintiffs maintain that the amount William Boring listed on his supplemental answer to Defendant's first set of interrogatories was a reference to Plaintiffs' claims as a whole, not to William Boring's loss of consortium claim as separate from his wife's negligence claim.

In response, Defendant reasserts that March 19, 2006, was the first time that Defendant had notice of the amount claimed under William Boring's loss of consortium action. Defendant clarifies that the demand letter sent prior to the filing of the petition contained no mention of William Boring's loss of consortium claim, and that even if the demand letter did apply to both Plaintiffs' claims, it was not sufficient to establish the amount in controversy for each Plaintiff's separate and distinct claim.

Defendant then argues that it has established both by a preponderance of the

evidence, and to a legal certainty, that William Boring's claim exceeds the amount in controversy. Defendant bases this argument on the fact that the interrogatories as a whole were individually tailored to each Plaintiff's claim. Defendant asserts that Plaintiffs' argument that William Boring's stated claim value in the interrogatory answers referred to the total of his claim combined with that of his wife is simply an attempt to avoid federal jurisdiction.

Defendant also acknowledges the relevance of Tucker v. Wal-Mart Stores, Inc., No. 1:06-CV-19 CAS, 2006 WL 1134712 (E.D. Mo. Apr. 26, 2006), in a footnote. That case, handed down seven calendar days after Defendant filed its notice of removal, held that a Plaintiff asserting a loss of consortium claim was no longer required to separately satisfy the amount in controversy requirement where the plaintiff in the underlying claim satisfied the requirement. The case applied the Supreme Court's recent decision in Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S. Ct. 2611, 2625 (2005), holding that when claims "aris[e] out of the same Article III case or controversy," 28 U.S.C. § 1367 authorizes supplemental jurisdiction over additional plaintiffs who do not meet the amount in controversy requirement, as long as one plaintiff meets the amount in controversy and other elements of diversity jurisdiction are present.

Defendant cites to Clark v. Buske Lines, Inc., No. 4:05-CV-2186 TCM, 2006 WL 51195 (E.D. Mo. Jan. 10, 2006) (applying pre-Exxon Mobil law to remand the case where consortium claim did not independently meet jurisdiction amount), which it asserts was the most recent decision in the district on point at the time the present case was filed.

4

Defendant argues that under Clark, the present case would have been remanded if Defendant had filed for removal prior to the March 19, 2006 supplemental answers that established the amount of William Boring's loss of consortium claim.

In reply, Plaintiffs argue that even if this Court had reservations about applying Tucker to the motion now under consideration, another case in the district upon which Tucker relied, Longo v. R.E. Monson, No. 4:05-CV-1835 CDP, 2005 WL 3454517 (E.D. Mo. Dec. 16, 2005), had previously applied Exxon Mobil to a consortium claim. Plaintiffs further argue that the law effectively changed with the decision in Exxon Mobil and that the Longo and Tucker decisions merely acknowledged that change as it applied to their specific facts. Plaintiffs conclude that the case should be remanded to the state court because Defendant's notice of removal was not filed within 30 days of Plaintiffs' petition, at which time Defendant had notice of Plaintiffs' demand letter for $349,999.99, and thus had notice that the case was removable.

## DISCUSSION

There is no dispute that the parties are diverse; the issues before the Court are whether the jurisdictional amount in controversy has been met, and, if so, whether notice of removal was timely filed by Defendant. Removal statutes must be strictly construed and any doubts about the propriety of removal should be resolved in favor of remand. Owings v. Deere & Co., 441 F. Supp. 2d 1011, 1041 (S.D. Iowa 2006); Short v. Lukacs, 2006 WL 1313997 at *1 (E.D. Mo. May 11, 2006).

The procedure for the filing of a notice of removal is set out in 28 U.S.C. § 1446(b):

5

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by Section 1332 of this title more than 1 year after commencement of the action.

The 30-day period for filing a notice of removal begins to run after the defendant has actual notice of the amount in controversy. Williams v. Safeco Ins. Co. of Am., 74 F. Supp. 2d 925, 929 (W.D. Mo. 1999). "It is now well settled that the statutory time limit for removal petitions is not jurisdictional but is merely a formal and modal requirement for transferring to the federal court a civil action such as the instant one of which the court would have had original jurisdiction." St. Louis Home Insulators v. Burroughs Corp., 597 F. Supp. 98, 99 (E.D. Mo. 1984). "Nevertheless, the time limit is mandatory and a timely objection to a late petition for removal will result in remand." Id.; see also Haag v. Webster, 434 F. Supp. 2d 732, 735 (W.D. Mo. 2006) (remanding case to state court for untimely removal); McHugh v. Physicians Health Plan of Greater St. Louis, Inc., 953 F. Supp. 296, 299 (E.D. Mo. 1997) (same).

Exxon Mobil was handed down on June 23, 2005, and Defendant thus had notice of the change in law at the time that Plaintiffs' petition was filed on August 8, 2005. Therefore, Defendant's argument that if it had removed the case within 30 days of receipt of the initial petition, the case would have been subject to remand, is unpersuasive.

Defendant relies on Clark and "the cases overturned in Tucker"[2] for this argument. However, these cases were based on Zahn v. International Paper Co., 414 U.S. 291 (1973). Zahn held that

> When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.

Zahn, 414 U.S. at 294 (citation omitted).

This holding in Zahn was explicitly overruled by Exxon Mobil's interpretation of 28 U.S.C. § 1367, setting the new standard of "same case or controversy" for jurisdiction over supplemental claims that do not separately meet the minimum amount in controversy requirement. At the time that Plaintiffs filed their petition in state court there may not yet have been a decision by Eighth Circuit or this district specifically treating a loss of consortium claim as part of the same case or controversy as the underlying negligence claim, for purposes of federal jurisdiction under Exxon Mobil. The Court concludes, however, that Defendant was obligated under the Supreme Court's interpretation of supplemental jurisdiction in Exxon Mobil to file a notice of removal within 30 days after this action was filed. In fact, Defendant did not file a notice of removal until four months after Longo specifically applied Exxon Mobil to a claim for loss of consortium and its underlying negligence claim. Defendant's reliance on Clark is misplaced, as that case was

---

[2] McClure v. Raymond Corp., 174 F. Supp. 2d 982, 985 (E.D. Mo. 1998) (holding that "for purposes of federal jurisdiction analysis, loss of consortium claims under Missouri law are not 'common and undivided'"), and Rodery v. Hardee's Food Sys., Inc., 995 F. Supp. 999, 1000 (E.D. Mo. 1998) (same).

7

not decided until well after the 30-day removal period had ended. Furthermore, Clark incorrectly applied the "common and undivided" standard in Zahn, after Zahn had been overruled by the United States Supreme Court.

## **CONCLUSION**

Defendant's notice of removal was filed out of time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand this action to state court is **GRANTED.** [Doc. #8].

                                                */s/ Audrey G. Fleissig*
                                                AUDREY G. FLEISSIG
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of November, 2006.